# IN THE COURT OF APPEALS OF IOWA

––––––––––––––––

No. 25-0583
Filed April 29, 2026

––––––––––––––––

**James Michael Coleman,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

––––––––––––––––

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Joel Dalrymple, Judge.

––––––––––––––

**AFFIRMED**

––––––––––––––––

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

––––––––––––––––

Considered without oral argument
by Tabor, C.J., Badding, J., and Telleen, S.J.
Opinion by Tabor, C.J.

1

**TABOR, Chief Judge.**

James Coleman pleaded guilty to driving while barred in January 2023. Later that year, he applied for postconviction relief (PCR), which the district court denied. Coleman appeals, bringing two claims of ineffective assistance of counsel. On his first claim, we find any alleged deficiencies in counsel's performance did not result in prejudice. On his second claim, he did not preserve error. Thus, we affirm.

## I.    Facts and Prior Proceedings

In September 2022, police arrested Coleman for driving while his license was barred. Coleman was released after signing a promise to appear. The district court appointed an attorney for Coleman.[1] But Coleman arrived for the initial appearance without his attorney. The district court confirmed Coleman's address and phone number and set his arraignment for October 24. Coleman testified at the PCR hearing that the district court said he would later be informed who was appointed as his attorney. But Coleman was given a copy of the court order from the initial appearance, and that order included his attorney's name and phone number.

The State charged Coleman with driving while barred by trial information filed October 14. Then, for reasons that are unclear from the record, the court held the arraignment early—on October 20, rather than October 24. The attorney appeared without Coleman and entered a not guilty plea on Coleman's behalf and demanded a speedy trial. The court set dates for the pretrial conferences and jury trial. Coleman's attorney testified at the PCR hearing that he tried to contact his client during the criminal case using

---

[1] The court first appointed a different attorney, who withdrew. During this case, the new attorney transitioned from private practice to the public defender's office.

the number Coleman listed on his promise to appear. And when Coleman failed to appear at the pretrial conference, his attorney tried to contact him again. Coleman's account differed. He detailed his efforts to find out who was appointed as his attorney. Coleman testified that he called the public defender's office several times and visited the clerk of court's office to inquire further.

Because Coleman did not appear for the pretrial conference, the court issued a bench warrant for his arrest. When Coleman went to the sheriff's office for an unrelated purpose, deputies arrested him on that warrant. Because he possessed a controlled substance when he was booked into jail, he was charged with a felony.

While in jail, Coleman finally met with his attorney. Coleman signed a written plea admitting to the offense of driving while barred in violation of Iowa Code sections 321.561 and 321.555 (2022). This plea included an agreement to fourteen days in jail. Coleman testified he pleaded guilty believing he'd be able to "get out [of jail] and fight [his] possession charge better." But Coleman was not released as he expected. Later, he developed concerns about his absence from the arraignment. Acting on those concerns, he filed a notice of appeal from his guilty plea, but his appeal was dismissed.

His application for PCR followed. After being appointed an attorney, Coleman filed an amended PCR application. The application brought various claims of ineffective assistance, including failure to communicate, coercion into signing the guilty plea, and failure to provide Coleman with information about the arraignment. The court held a hearing on his PCR claims, where Coleman and his plea attorney both testified. The court ruled against Coleman, finding no basis for his claims of ineffective assistance of counsel. Coleman appeals.

## II. Standard of Review

We review Coleman's claims de novo because they implicate a constitutional right. *See Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019). Effective assistance of counsel is guaranteed by the Sixth Amendment. *Smith v. State*, 7 N.W.3d 723, 725 (Iowa 2024).

## III. Analysis

Coleman urges two claims of ineffective assistance of counsel. We use a two-prong test to analyze these claims. *Id.* at 726. To prove ineffective assistance, Coleman must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty, and (2) that failure resulted in prejudice. *Id.* Failure to prove either prong defeats his claim, and we need not address the other. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

Under the first prong, we presume attorneys perform their duties competently. *Smith*, 7 N.W.3d at 726. To rebut this presumption, Coleman must prove that plea counsel performed below the standard demanded of a reasonably competent practitioner. *See id.* On the prejudice prong, Coleman must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 727 (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Coleman must show it was reasonably probable that with effective representation, he would have proceeded to trial rather than accept the plea deal. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

*Failure to communicate.* Coleman first claims his attorney's lack of communication resulted in the warrant for his arrest and new charges. We decide this claim on the prejudice prong. At the PCR hearing, Coleman

conceded that his license was barred and he was driving when the officer stopped him in September 2022. Coleman's arrest and new charges did not affect the facts of his driving-while-barred case. He cannot show that with better communication from counsel he would have gone to trial rather than admit guilt. On appeal, he argues that if counsel had informed him of the court dates, "the outcome very likely would have been different." But this bare assertion is not enough. It is his burden to prove prejudice, and he has failed to do so. *See Smith*, 7 N.W.3d at 726.

*Failure to move for dismissal or to challenge the guilty plea*. Coleman next complains that his attorney was constitutionally remiss in failing to move to dismiss and failing to challenge his guilty plea. Coleman maintains that he was "not arraigned" under Iowa Rule of Criminal Procedure 2.8(1) because he was not read the indictment (here the trial information) nor did he waive that reading.[2] He extrapolates that the failure to comply with the arraignment procedure rendered his guilty plea involuntary.

The State argues Coleman did not preserve error on this claim. We agree. True, Coleman's PCR application alleges a lack of compliance with Rule 2.8—without citing the rule. But Coleman did not argue that his attorney was ineffective in not moving to dismiss the case or challenging the

---

[2] Iowa Rule of Criminal Procedure 2.8(1) outlines arraignment procedures. The language of the rule has since been amended, but at the time of Coleman's arraignment, the requirements included these points:

> b. The defendant shall be given a copy of the indictment and the minutes of testimony before being called upon to plead.

> c. Arraignment shall consist of reading the indictment to the defendant or, if the defendant waives reading, stating to the defendant the substance of the charge and calling on the defendant to enter a plea.

Iowa R. Crim. P. 2.8(1)(b), (c).

guilty plea in response to the alleged rule violation. Coleman claims error is preserved because "[t]he only difference on appeal is that appellate counsel has identified the relevant rule and appropriate remedy." But identifying what remedy plea counsel should have pursued is essential to framing the ineffective-assistance claim. Without that framework, the district court could not rule on the claim. *See Ruiz v. State*, 18 N.W.3d 453, 457 (Iowa 2025) (repeating principle "that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal" (quoting *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012)). So we do not reach the merits of this claim.

**AFFIRMED.**